**John S. WARD**

v.

**The UNITED STATES.**

No. 398–79T.

United States Court of Claims.

Sept. 23, 1981.

Towner Leeper, El Paso, Tex., atty. of record, for plaintiff. David Leeper, El Paso, Tex., of counsel.

Mary M. Abate, Washington, D.C., with whom was Acting Asst. Atty. Gen. John F. Murray, Washington, D.C., for defendant. Theodore D. Peyser and Donald H. Olson, Washington, D.C., of counsel.

Before DAVIS, NICHOLS and BENNETT, Judges.

## OPINION

PER CURIAM:

This case comes before the court on defendant's motion, filed August 3, 1981, requesting that the court adopt as the basis for its judgment in this case the recommended decision of Senior Trial Judge Mastin G. White, filed June 22, 1981, pursuant to Rule 134(h), since plaintiff has filed no notice of intention to except or exceptions thereto and the time for so filing under the Rules of the court has expired. Upon consideration thereof, without oral argument,

since the court agrees with the recommended decision, as hereinafter set forth *, it hereby grants defendant's motion and adopts the decision as the basis for its judgment in this case. Accordingly, plaintiff is not entitled to recover, and the petition is dismissed.

## OPINION OF TRIAL JUDGE

WHITE, Senior Trial Judge:

The plaintiff, John S. Ward, sues for refunds of income taxes assessed against and collected from the plaintiff for the calendar years 1972, 1970, and 1969, in the respective amounts of $664.80, $3,-775.70, and $1,758.44, together with interest on such amounts.

The plaintiff relies on section 1374 of the Internal Revenue Code of 1954 (the 1954 Code), which states in subsection (a) the general rule that "A net operating loss of an *electing small business corporation* for any taxable year shall be allowed as a deduction from gross income of the shareholders of such corporation * * * " (emphasis supplied).

In support of his claim, the plaintiff contends: that he was the sole stockholder in 1972 of Wheels West, Inc., that this corporation was a "small business corporation," as that term is defined in section 1371(a) of the 1954 Code; that Wheels West, Inc., was also an "electing small business corporation," as that term is defined in section 1371(b) of the 1954 Code, because the corporation had made an election on February 15, 1972, under section 1372(a) of the 1954 Code not to be subject, for its taxable year beginning January 17, 1972, to the taxes imposed by chapter 1 of the 1954 Code (relating to normal income taxes and surtaxes); and that Wheels West, Inc., sustained a net operating loss of $42,047.14 in 1972, resulting in an authorized deduction from the plaintiff's gross income for 1972 and also in a net operating loss carryback to the plaintiff's taxable years 1970 and 1969.

The plaintiff's claim for refunds of 1972, 1970, and 1969 income taxes, based upon the grounds previously outlined, was submitted to, and denied by, the Internal Revenue Service. The present litigation followed.

The Government's defense against the action is based principally upon the contention that Wheels West, Inc., did not qualify as a small business corporation because the plaintiff's wife, a nonresident alien, was a shareholder in the corporation; and, therefore, that Wheels West, Inc., was not eligible to make an election under section 1372(a) of the 1954 Code.

In 1972, section 1371(a) of the 1954 Code (26 U.S.C. § 1371(a) (1970)) defined a "small business corporation" in negative terms as a domestic corporation which did not—

(1) have more than 10 shareholders;

(2) have as a shareholder a person (other than an estate) who was not an individual;

(3) have a nonresident alien as a shareholder; and

(4) have more than one class of stock.

The parties are in agreement that, at all times material to this case, Guadalupe Perez Ward, the plaintiff's wife, was a nonresident alien, being a citizen of Mexico and a resident of Juarez, Mexico. Accordingly, the primary issue to be decided by the court is whether the plaintiff's wife was or was not a shareholder in Wheels West, Inc.

Wheels West, Inc., was organized by the plaintiff under the laws of New Mexico in 1972. Seventy shares of capital stock in the corporation, having a par value of $100 per share, were issued in the name of John S. Ward. No other stock was issued by the corporation. In payment for the shares of stock, the plaintiff drew a check in the amount of $7,500 on his account with the Southwest National Bank of El Paso, Texas, the check being payable to Wheels West, Inc. The plaintiff obtained the $7,500 by borrowing the money from the profit-sharing plan of his employer.

On February 15, 1972, the plaintiff executed on behalf of Wheels West, Inc., a

---

* Although the court adopted the trial judge's separate findings of fact, which are set forth in his report, they are not printed herein since such facts as are necessary to the decision are contained in his opinion.

Form 2553, Election by Small Business Corporation, being an election not to be taxed under chapter 1 of the 1954 Code for the corporation's taxable year beginning January 17, 1972.

The defendant takes the position, however, that Wheels West, Inc., was not eligible to make such an election as a small business corporation because, by virtue of Mexican law, the shares of stock in Wheels West, Inc., were the community property of, and were jointly owned by, the plaintiff and his wife, thus making the latter, a nonresident alien, a shareholder in the corporation.

The plaintiff is a citizen of the United States, and, as previously stated, his wife is a citizen of Mexico. The plaintiff and his wife were married on November 9, 1960, in Juarez, Mexico. At all times material to this case, the plaintiff and his wife resided and were domiciled in Juarez.

Some 4 or 5 months before their marriage, the plaintiff and Guadalupe Perez orally agreed that they would maintain separate property during the existence of the marriage. This agreement was made in Juarez. At the time when the marriage was performed, however, the plaintiff and his wife signed, before a judge of the Civil Registry in Juarez, the document comprising the public record of their marriage, and this marriage record, or contract, expressly provided that the marriage was to be under the regime of the "sociedad conyugal," i. e., under the community property system.

Under Mexican law, the parties to a marriage can mutually agree at the time of the marriage either (1) that there shall be a separation of property in the marriage, or (2) that the marriage shall be under the community property system. In order to be valid, an agreement that there shall be a separation of property must be incorporated in the public record of the marriage contract; and in the absence of a specific provision in the public record of the marriage contract on the subject of the ownership of property, a marriage is automatically under the community property system.

An oral agreement between the parties to a marriage that there shall be a separation of property is ineffective. In view of this, and as the public record of the marriage contract between the plaintiff and his wife specifically provided that the marriage was to be under the regime of the "sociedad conyugal," the prenuptial oral agreement between the plaintiff and Guadalupe Perez was ineffective, and their subsequent marriage was under the community property system.

Under the community property system of Mexico, all the property acquired by the husband or the wife during the existence of the marriage is the community property of, and is owned jointly by, the husband and the wife, except that property acquired by the husband or the wife through donation, inheritance, or "act of fortune" is the personal property of the acquiring spouse. Accordingly, as the shares of stock in Wheels West, Inc., which the plaintiff acquired in 1972 were not acquired through donation, inheritance, or an "act of fortune," the stock became the community property of, and was owned jointly by, the plaintiff and his wife. Hence, the plaintiff's wife, a nonresident alien as regards the United States, was a shareholder in Wheels West, Inc.

For that reason, Wheels West, Inc., did not qualify as a "small business corporation," and its purported 1972 election under section 1372(a) of the 1954 Code was ineffective.

The plaintiff calls attention to the fact that he and his wife, acting under the authority of section 981 of the 1954 Code, as applicable to the year 1972, submitted to the Internal Revenue Service in March 1977 an election "to have the community property laws of Mexico inapplicable to the income realized by either or both of us for the calendar year 1972."

In 1972, section 981 provided that if a citizen of the United States resided in a foreign country throughout an entire taxable year, and was married at the close of the taxable year to a spouse who was a nonresident alien during the entire taxable year, the citizen-taxpayer and his or her

spouse, if they wished to do so, could elect to have the community property laws of the foreign country of residence inapplicable for such year and subsequent years to (1) earned income, (2) trade or business income, and a partner's distributive share of partnership income, and (3) any other community income derived from the separate property of the husband or wife (26 U.S.C. § 981 (1970)).[1]

It will be noted that under section 981 an election by a nonresident citizen-taxpayer and his or her nonresident alien spouse related only to certain types of income which, in the absence of an election, would have constituted community property under the laws of the foreign country of residence. An election under section 981 did not have any effect on the ownership of property by the nonresident citizen-taxpayer and his or her nonresident alien spouse.

Moreover, the election made by the plaintiff and his wife in 1977 referred only to "the income realized" by them in 1972, and did not purport to affect the ownership of property.

█ Even if the plaintiff and his wife had attempted, in their 1977 action, to convert their marriage from the "sociedad conyugal" to the separate property system (as can be done under Mexican law if certain formalities are observed), such action could not have converted Wheels West, Inc., retroactively into an "electing small business corporation" for its taxable year 1972. Section 1372(c)(1) provided in 1972 (26 U.S.C. § 1372(c)(1) (1970)) that a small business corporation wishing to relieve itself for a taxable year of taxation under chapter 1 of the 1954 Code could make the election only during "the first month of such taxable year, or at any time during the month preceding such first month." There was no

statutory provision whereby an enlargement of the 2-month election period could be obtained. Hence, the eligibility of Wheels West, Inc., to make an election for its taxable year 1972 depended entirely on the status of the corporation (with respect to the citizenship of shareholders, etc.) during the first month of such taxable year and the preceding month. As of those months, the plaintiff's wife, a nonresident alien as regards the United States, was a shareholder in the corporation by virtue of the community property laws of Mexico; and, consequently, Wheels West, Inc., did not qualify as a small business corporation and was ineligible to make an election not to be taxed under chapter 1 of the 1954 Code. Eligibility could not be conferred retroactively by any action taken by the plaintiff and his wife, with respect to the ownership of property, after the termination of the 2-month election period.

It is my opinion, therefore, that the Internal Revenue Service did not err in denying the plaintiff's claim of entitlement to deduct from his gross income the amount of the net operating loss sustained by Wheels West, Inc., during its taxable year 1972. The petition should be dismissed.

## CONCLUSION OF LAW

Upon the findings of fact and the foregoing opinion, which are adopted by the court, the court concludes as a matter of law that the plaintiff is not entitled to recover; and the petition is therefore dismissed.

1. Section 981 was repealed by section 1012(b)(2) of Public Law 94–455 (90 Stat. 1614).